BEN ZISKIN, Respondent, v. AL GREENBERG and Another, Defendants, and A. S. G. REALTY CORP., Appellant.— The complaint contains three causes of action: (1) reformation of a contract; (2) an accounting and (3) damages for breach of contract. After trial the court dismissed the complaint on the merits and plaintiff appealed. We affirmed the judgment as to the first and second causes

of action, and as to the third cause of action we reversed the judgment and granted a new trial in the interest of justice. (*Ziskin* v. *Greenberg*, 259 App. Div. 825.) The contract provided *inter alia* that the corporate defendant was to construct an apartment house and that plaintiff was to render services during the course of construction. The corporate defendant agreed to pay plaintiff fifty dollars a week until the building was constructed and, in addition, to pay him twenty-five per cent of the net profit resulting from the sale of the building. Plaintiff was paid his weekly compensation, but the building, which was completed on or about April 22, 1938, has not been sold. We held that implicit in the agreement was a provision that the building should be sold within a reasonable time after it could be sold. Upon the retrial the court held that there was a reasonable opportunity, if proper effort had been made, to sell the building shortly after its completion, and at that time its fair and reasonable market value was $350,000. The court also found that the cost of the building was $338,800, and awarded plaintiff twenty-five per cent of the difference, or $2,800. Assuming that the evidence justified the court's finding as to the reasonable market value of the building, there is no evidence that the building could have been sold at a profit. The plaintiff did not prove that any one was willing to purchase the building at a price in excess of its cost, and appellant's proof disclosed that, although it placed the property for sale with a broker, it was unable to secure a purchaser at a price which would realize a profit. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs, and without prejudice to plaintiff's instituting a new action for the relief sought in the third cause of action, if the building can be sold at a profit. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.